■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. MURE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered November 22, 1985, upon a verdict convicting defendant of the crimes of assault in the second degree (three counts) and promoting prison contraband in the first degree.

The People offered proof to show that defendant, an inmate at Great Meadow Correctional Facility, was observed in a fight with another inmate, Trevor Samuels, on August 12, 1984. The incident occurred in the galley of D block in the facility. Correction Officer Charles D. Verhoye grabbed Samuels in a bear hug hold attempting to separate the two combatants. Correction Officer Alfred D. Sandelin came to the assistance of Verhoye. During the melee, Verhoye received a laceration of his left index finger area, Sandelin received a cut on the right forearm, defendant was cut between his thumb and index finger and Samuels received lacerations to both arms. A top of a metal can was found lying on the floor. Sandelin said he observed defendant slashing at Samuels as he approached to give assistance to Verhoye. Defendant was convicted after a jury trial of three counts of assault in the second degree and promoting prison contraband in the first degree. He was sentenced to 3½ to 7 years' imprisonment on each count, these sentences to run concurrently to each other but consecutively to the sentence that defendant was then serving.

On this appeal, we reject defendant's first contention that Sandelin's positive in-court identification of defendant was so tainted by Sandelin's confrontation with defendant in the prison hospital ward area, just 10 days prior to his in-court identification, as to deprive the in-court identification of its independent basis. Sandelin had ample opportunity to observe defendant during the altercation so as to form a reliable basis for his in-court identification testimony. Sandelin's failure to recognize defendant immediately when he unexpectedly saw him in the hospital ward merely went to the weight and not the admissibility of such testimony. Sandelin noted that defendant had changed his hair style and was clad in hospital white at the time of the chance encounter in the hospital. Moreover, there was other positive identification testimony presented, including defendant's admission that he was involved in the encounter but only in an effort to separate Samuels and an unknown third inmate from fighting. Defendant also claimed that he did not have the contraband, the cutting tin can top, in his possession.

We also reject defendant's other contention that the prosecutor's cross-examination and summation concerning an alleged alibi witness's testimony was error. Defendant never made any objection at trial to such cross-examination or summation. Thus, the error was not preserved for appellate review and this is not a proper case for the exercise of our discretion to review in the interest of justice (CPL 470.15).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.